NO. 8510

COURT OF APPEAL

PARISH OF ORLEANS.

--------

MRS. DOMINICK TRENTECOSTE

versus

FRENCH MARKET ICE COMPANY. **8510**

--------

Court of Appeal
PARISH OF ORLEANS
FILED 13/22
Stansbury

191

Dinkelspiel; J.

This is a damage suit.

Plaintiff avers that on the 27th of April, 1920, at about half past eleven o'clock A. M. while she was crossing Decatur Street at the corner of St. Ann Street, proceeding from the Lake Side of the street to the Rixxxxxx River Side, an ice wagon of the defendant struck her, knocked her down and spun her around so that the wheel ran over her foot; that she was sent to Charity Hospital and there treated for "crushed injury of both feet and xxxxxxxxd lasceration of toes"; that the crushed tissue and loose nails were removed and she was then taken to her home where she remained in bed for two weeks under a doctor's treatment and was then sent back to the Charity Hospital, where she remained from May 13th, 1920 to June 8th, 1920; and that she still suffers great pain, for which she claims defendant is liable in damages.

An exception of vagueness was filed and xxxx overruled.

The answer of the defendant is virtually a general denial, together with the allegation that the accident resulted through the contributory negligence of plaintiff in running out in front of the wagon and that she aggravated her injuries in refusing to submit to an injection of tetanus antitoxin.

The trial of this matter before a jury resulted in a judgment for plaintiff in the sum of $1075.00, from which judgment defendant appeals.

A short resume of the testimony in this case, without endeavoring to quote the whole thereof, but only such portions as in our opinion are pertinent to this case, show that plaintiff, in company with a Mrs. Collins, on the day mentioned in the petition, was going to the French Market and when these ladies got to St. Ann Street and were about to cross Decatur Street at the corner of these streets and when they got to the middle of the car-track they had to

192

stop to let several automobiles pass on the car-track nearest from the River and when they started to go across, the witness Mrs. Collins testifies she heard a scream and looking around saw plaintiff under the ice wagon, she testified further that they were standing and waiting for some automobiles to pass along and that plaintiff was standing right back of witness and the next time she saw her, turning around, she was under the ice wagon; that the wagon was about a half block off and coming as hard as it could go, there was nothing in the way to obstruct the view of the wagon, plaintiff and the witness were standing perfectly still when the ice wagon struck her, the animals were restless and when witness saw the back wheel was going over plaintiff's feet she tried to move, did not succeed, could not succeed, could not budge, and subsequently after being picked up plaintiff was sent to the Charity Hospital for treatment.

On cross examination this witness did not in material points alter or change her testimony in chief.

The plaintiff testifies in her own behalf, virtually confirming what Mrs. Collins, the prior witness had sworn to and giving at length her great sufferings from this accident, charging in her testimony substantially that she did everything it was possible for her to do to avoid the accident, which could have only been avoided by the driver of the wagon; her treatment at the Charity Hospital, the result of injuries subsequently, at her home, and her doctor Meroux further testified of the injuries to the toes this woman had suffered, describing virtually the loss of the big toe and the crushing of the others, treatment he gave plaintiff.

The defendant's main witness, the driver of this wagon, Pendergrast, describing the accident in question,

substantially states that plaintiff in crossing over the street, coming by his mules, frightened them, that he did everything that he could to stop the animals, that he was going at a very slow rate of speed and that it was entirely the fault of plaintiff in endeavoring to cross the street, that this accident occurred.

Daniel Mendel, swears substantially that he saw this entire affair and in his testimony says, amongst other things, that plaintiff was on the sidewalk at the time, he describes just where the wagon was and the wagon was about the doorway of a grocery store near the accident and plaintiff and Mrs. Collins took a step to run across the street from Decatur to North Peters Street, when Mrs. Collins ran back and plaintiff ran away, running into the shaft of the wagon, blinding the mules and she was knocked down, the wagon was loaded with ice; he described when he picked up the plaintiff and from his testimony plaintiff was entirely at fault.

George Plummer testifies in substance as follows:

"I was sitting on the side of the wagon and looking, heard the driver holler look out and when he hollered I looked where the two men were sitting, the place where they put the umbrella and I saw an old lady standing in front of the pole with one hand on the pole and one hand up like she was trying to hit the mules or stop them.

Mrs. Collins was recalled and testified in this case, but with the same result as in her direct testimony examination.

This case was tried before a Jury, who after hearing the testimony and the able charge of the Judge aqua, which we have carefully read and considered, and which in our opinion gave a full and complete analasys of the law, found a verdict in favor of plaintiff in the sum of $1075.00.

And on motion for a new trial the Judge says:

194

"There was sharp conflict between the testimony for plaintiff and defendant and the jury has accepted the testimony of plaintiff's witnesses; I find no grave error and the motion is therefore refused."

It has been decided in numerous cases by our Supreme Court that in negligence cases the Court will not overturn unanimous verdicts for defendant rendered on conflicting evidence.

Mequet vs. Algiers Manufacturing Company, 147 La. 364.

"When defendant has the last clear chance to avoid the accident and fails to do so, he is liable, notwithstanding that plaintiff may himself been at fault."

Cusachs-vs. N. O. Ry. & Light Co. 9 Court of Appeal 351.

"Even gross contributory negligence on the part of plaintiff will not defeat his right to recover damages if by the exercise of ordinary care the defendant might have avoided the accident."

Vaughn vs. N. O. Ry. & Light Co. 13 Court of Appeal 116.

McClanahan vs. Railway Co. 111 La. 781.

Harvey vs. La. Western Ry. Co. 114 La. 1065.

"The findings of the jury in questions of fact will not be disturbed unless it is clearly erroneous."

Fuge vs. N. O. Ry. & Light Co. 140 La. 583.

Numerous authorities have been cited by counsel both for appellee and appellant, which have received our attention, particularly on the question of the last clear chance and we are of opinion that the cases quoted in this opinion, together with the authorities cited, particularly in the 13th Court of Appeal, and the fact that this case was tried before a jury who found their verdict in favor of plaintiff for a moderate sum, under the circumstances, thus in our opinion, showing neither bias, sympathy nor prejudice and the further fact that the Judge gave his reasons which we have quoted, on motion for a new trial, overruling same, satisfies us that substantial justice has been done in this case.

Plaintiff in this case has pr.  " to an increase in the amount of the jury's verdict, to the additional amount prayed for in her petition. This is denied for the reason given, that the jury's verdict, with the approval of the Judge, has in our opinion rendered justice between the parties.

For the reasons assigned, it is ordered, adjudged and decreed that the judgment of the lower Court be and is hereby affirmed, costs of both Courts to be paid by defendant and appellant.

-Judgment affirmed-